MR. JUSTICE MORRISON,
respectfully dissenting:
The majority opinion recognizes the “well established rule” that a party to a contract cannot relieve himself of obligations imposed by the contract by assigning the contract to a third person. However, the majority then goes on to determine whether, under the Uniform Commercial Code, the assignment of the contract to the credit company imposed full contract liability on the credit company as as *318 signee. While it may appear that, pursuant to section 30-9-318, MCA, the assignee assumed full liability by operation of law, the issue is not before this Court.
At the trial court level Ford Motor Credit Company moved for summary judgment based upon its assignment of the contract to H. O. Bell. This issue was briefed. The trial court granted summary judgment based upon that re-assignment. Cuchine appealed. The only issue on appeal was whether the assignment by Ford Motor Credit Company to H. O. Bell effectively insulated Ford Motor Credit Company from liability. In respondent’s brief mention is made of an interpretation of section 30-9-318, MCA, which would protect Ford Motor Credit Company from liability. Since this issue was not presented below it was not addressed by the appellant’s brief. It was first raised on appeal in the respondent’s brief. The issue is not properly before this Court and the majority opinion, in turning the case on this issue, has prevented appellant Timothy Cuchine from having his day in court. I would hold that the re-assignment from Ford Motor Credit Company to H. O. Bell, Inc., did not relieve Ford Motor Credit Company from its liability. I would therefore reverse summary judgment in favor of Ford Motor Credit Company and remand for trial.